Filed electronically, September 14, 2011

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| ORION TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiff, ) | No. 1:11-CV-00573C |
| ) | |
| v. ) | Judge Lawrence M. Baskir |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### STRATEGIC RESOURCES, INC'S MOTION TO INTERVENE

Strategic Resources, Inc. ("SRI"), by undersigned counsel, hereby moves the Court to intervene in the above-captioned proceeding as an Intervenor of Right pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims. Counsel conferred with counsel for Orion Technology, Inc. ("Plaintiff"), who does not concur in this motion. SRI left messages with counsel for the Government in an effort to seek concurrence on this motion. Counsel for SRI, however, was unable to reach counsel for the government.

### I.    BACKGROUND

On December 7, 2010, the Department of the Army, Mission Installation and Contracting Command ("Agency"), issued Solicitation W9124J-11-R0001 as a total small business set-aside for garrison augmentation support services at several Army installations in the United States. The Solicitation contemplates multiple awards of indefinite delivery/indefinite quantity ("IDIQ") contracts. Awards are to be made on the basis of "best value," considering three evaluation factors: mission capability, past performance, and cost/price. In addition to a technical proposal, the Solicitation required offerors to submit a cost/price proposal specific to the task order

scenario, as well as detailed supporting information for the proposed costs and pricing. The Solicitation provided that offerors' proposals would be evaluated for cost realism and reasonableness. The Agency set February 8, 2011 as the deadline for receipt of complete proposals.

SRI is a small, woman-owned, minority-owned business that has been providing Management Consulting, Information Technology, Telecommunications, Engineering/Logistics, and Healthcare Services, for over 20 years. On February 8, 2011, SRI timely submitted a complete proposal under the Solicitation. By letter dated June 17, 2011, the Agency notified SRI that the Agency had decided to conduct discussions with offerors in the competitive range, and that SRI's proposal had been determined to be in the competitive range. By letter dated August 23, 2011, the Agency notified SRI that it was continuing discussions, and that SRI's proposal had again been determined to be in the competitive range. SRI timely responded to the discussion items.

Approximately one week after the February 8, 2011 deadline for receipt of proposals, the Agency received cost packages from two of Plaintiff's team members. The Agency returned the unopened packages as late, and the Agency determined that Plaintiff did not include in its proposal all of the required cost/pricing information. By letter dated April 8, 2011, the Agency notified Plaintiff that its proposal would not be considered for award. Plaintiff subsequently filed an agency-level protest challenging its elimination from the competition. On April 27, 2011, the Agency denied the protest. On May 5, 2011, Plaintiff filed a protest with the Government Accountability Office ("GAO"), again challenging its elimination from the competition. On June 1, 2011, the Department of Labor issued revision no. 14 to wage determination 2005-2511, and the Agency subsequently issued Amendment 7 to incorporate the

revised wage determination and change the period of performance. Although Plaintiff had already been excluded from the competition, Plaintiff submitted revised cost/pricing information. The Agency returned Plaintiff's revised cost/pricing information, and Plaintiff filed an agency-level protest pertaining to Amendment 7. The Agency denied the Amendment 7 protest on August 5, 2011. On August 12, 2011, GAO denied Plaintiff's initial protest, pertaining to its elimination from the competition. On August 14, 2011, Plaintiff filed a protest with GAO based on Amendment 7. GAO denied that protest on August 27, 2011.

On September 8, 2011, Plaintiff filed its Complaint with this Court, challenging the Agency's refusal to include Plaintiff in the competitive range and the Agency's refusal to include and evaluate Plaintiff's proposal under newly revised labor standards pursuant to Amendment 7. Plaintiff seeks an injunction preventing the Agency from proceeding with the evaluation of the remaining offerors and making an award decision unless and until the Agency includes Plaintiff in the competitive range.

## II.   ARGUMENT

SRI is entitled to intervene as a matter of right as an actual offeror in the competitive range whose interests will be affected by the outcome of this bid protest. Pursuant to RCFC 24(a), a party seeking to intervene as of right must submit a timely motion and satisfy the following requirements: (1) it must claim an interest in the subject matter of the action; (2) it must be situated such that the disposition of the action may impair or impede the applicant's ability to protect its interest in the subject matter at issue; and (3) the applicant's interest must not be adequately protected by the existing parties to the action. *Fifth Third Bank of Western Ohio v. United States*, 52 Fed. Cl. 202, 203 (2002). When an applicant demonstrates that it has met each of these requirements, the movant "shall be permitted to intervene." *Id*. at 203. The

Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.* v. *United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). SRI satisfies each of the elements for intervention as a matter of right in this protest, and thus intervention under RCFC 24(a) is proper.

### A. SRI's Motion To Intervene Is Timely.

By telephone conference call on September 12, 2011, this Court set close of business, September 14, 2011, as the deadline for filing a motion to intervene in this bid protest. Accordingly, SRI's motion is timely.

### B. SRI Has A Direct Interest In This Action, And Its Disposition May Impair Or Impede SRI's Ability To Protect That Interest.

RCFC 24(a)(2) requires that a party seeking intervention establish that its interests relate to property or a transaction that is the subject of the proceeding and that its interests are so situated that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest. As an offeror whose proposal was accepted into the competitive range and who is actively seeking to be awarded a contract under the challenged competition, SRI has a direct and substantial economic interest in the disposition of this action, and these interests would be significantly impaired if the relief sought by Plaintiff in this action were granted. *See Greenleaf Const. Co., Inc.* v. *United States*, 67 Fed. Cl. 350 (2005) (prospective contract awardee allowed to intervene in pre-award protest); *Pikes Peak Family Housing, LLC* v. *United States*, 40 Fed. Cl. 673, 675 (1998) (competing bidder allowed to intervene as defendant in pre-award protest).

Plaintiff's Complaint seeks to enjoin the Agency from proceeding with the competition and making an award decision based on the offerors currently included in the competitive range. If the Court were to grant the requested relief, the procurement would be further delayed and

4

SRI's financial interests, as an offeror that submitted a timely, complete, and compliant offer, will be directly harmed.

### C. SRI's Interests Are Not Adequately Represented by The Other Parties.

No other party can adequately represent SRI's interest in this action. This Court has held that "the burden of showing the inadequacy of representation clearly is 'minimal.'" *Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006) (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, (1972)). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich*, 404 U.S. at 538, n. 10. *See also Cherokee Nation of Oklahoma v. United States,* 69 Fed. Cl. 148, 157 (2005) ("The burden of demonstrating inadequacy of representation is not heavy and is satisfied where the applicant shows that representation of its interests may be inadequate.") (quotation omitted).

Although the interests of SRI and the Agency may overlap to some extent, the Government cannot adequately protect SRI's interests because the parties do not have identical interests. *See Management Solutions & Systems, Inc. v. United States*, 75 Fed. Cl. 820, 827 (2007). As an offeror in the competitive range seeking an award under the challenged procurement, SRI has business interests that the Government is not tasked with representing. In *Coastal International Security, Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010), this Court recognized that while an intervenor and the Government may both seek to defend the Agency's conduct in a procurement, that does not mean that the Government will sufficiently represent the intervenor's specific interests such that intervention should be denied. In *Coastal International Security*, the awardee of a NASA procurement sought to intervene in a protest challenging the agency's best value decision. This Court granted the motion to intervene, finding that the

Government could not represent the awardee's interest because the Government "has the responsibility to represent only NASA's interest." *Id.* at 526. S*ee also CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634 (2006) (subcontractor was entitled to intervene in pre-award bid protest because there was a likelihood that its interest might not be adequately protected by the Government).

Moreover, SRI is in the best position to describe to the Court the harm it will suffer if the Court grants the requested injunctive relief. This is particularly true given the large number of potential intervenors in this action; as a practical matter, the Government cannot possibly represent the unique and competing interests of all of the offerors included in the competitive range. Further, given the Government's policy of supporting small and disadvantaged businesses, SRI's particular status as not only a small business, but also a woman-owned, minority-owned business renders its need to represent and protect its specific interests all the more important. Finally, as this Court stated in *Management Solutions & Systems, Inc.*, "the Government could, at any point in the proceedings, take a position or action that conflicts with [intervenor's] interests." For these reasons, SRI cannot be assured that its interests will be represented adequately by the existing parties.

WHEREFORE, SRI respectfully requests that this Court grant SRI leave to intervene in this matter.

Dated: September 14, 2011                        Respectfully Submitted,

/s/Paul E. Pompeo
Paul E. Pompeo
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5723
(202) 942-5999
Paul.Pompeo@aporter.com

*Attorney of Record for Strategic Resources, Inc.*

*Of Counsel:*

Emma V. Broomfield
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5130
(202) 942-5999
Emma.broomfield@aporter.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Motion to Intervene to be served by electronic mail this 14th day of September 2011, upon:

>Charles Cervantes, Esq.
>Law Offices of Charles Cervantes
>5415 North 22nd Street
>Arlington, Virginia 22205
>
>Elizabeth Speck, Esq.
>U.S. Department of Justice
>Civil Division
>1100 L Street, N.W., 8th Floor
>Washington, D.C.  20530

>/s/
>Paul Pompeo